UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRIS M. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-683 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| JOHN RUBITSCHUN et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been ordered to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.        Factual Allegations

Plaintiff Terris M. Williams is presently incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Gus Harrison Correctional Facility. He is serving a term of six to forty years on 1992 convictions for armed robbery, MICH. COMP. LAWS § 750.529, and unlawfully driving away an automobile, MICH. COMP. LAWS § 750.413. Plaintiff sues John Rubitschun, Chairman of the Michigan Parole Board, and Gary Kasenow, Administrative Law Examiner.

At some time before June 2004, Plaintiff was released on parole. On June 25, 2004, two of Plaintiff's female neighbors filed police reports claiming Plaintiff had raped them. Both women were taken to Sparrow Hospital for a criminal sexual conduct examination, and DNA tests were conducted by the Michigan State Police. Based, at least in part, upon the lack of forensic evidence, the Ingham County Prosecutor chose not to bring charges against Plaintiff. On October 26, 2004, Administrative Law Examiner Gary Kasenow conducted Plaintiff's parole revocation hearing. Both alleged victims testified at the hearing. Kasenow found Plaintiff not guilty as to one woman, but guilty as to the second woman. Kasenow recommended an eighteen month continuance. However, John Rubitschun, Chairman of the Michigan Parole Board, gave Plaintiff a twenty-four month continuance, allegedly in violation of parole board policies. Plaintiff contends that the Defendants' decision to revoke parole was based upon insufficient evidence, thereby violating his rights under the Fifth, Sixth and Fourteenth Amendments.

For relief, Plaintiff states in full, "will resolve in Session Before the Court."

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff argues that the revocation of his parole was unconstitutional. A challenge to the fact or duration of physical imprisonment is not the proper subject of a civil rights action brought pursuant to § 1983, but rather should be brought as a petition for habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). However, in *Wilkinson v.*

*Dotson*, 125 S. Ct. 1242, 1247 (2005), the Supreme Court clarified that §1983 remains available to state prisoners for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. In this case, Plaintiff is not seeking money damages, but asks that the issues raised by the revocation of his parole be "resolve[d] in Session before the Court." Plaintiff's request for relief is too vague for the Court to determine with certainty whether he seeks an immediate release from confinement or a second parole revocation hearing. If Plaintiff is claiming that Defendants wrongly decided his case and he is entitled to immediate release from custody, his claim is barred by *Heck*.

If, however, Plaintiff is challenging the procedures used during his parole revocation hearing and is seeking a second hearing using proper procedures, he may proceed under §1983 pursuant to *Wilkinson*. Even assuming that Plaintiff's action is not *Heck*-barred, he fails to state a claim. Individuals threatened with the revocation of their parole possess a liberty interest that entitles them to minimal due process protections. *Morrissey v. Brewer,* 408 U.S. 471 (1972). A parolee has a right to a hearing prior to a final decision on revocation by the state parole authority. The minimal due process requirements at the revocation hearing stage include:

> (a) written notice of the claimed violation of parole; (b) disclosure to the parolee of the evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached hearing body' such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Id. at 489.[1] Plaintiff does not claim that he was denied any of the procedural safeguards set forth in *Morrissey*. Plaintiff's contention is that the Defendants' decision to revoke parole was against the great weight of the evidence where the county prosecutor had not found probable cause to charge Plaintiff with a crime.

The *Morrissey* court emphasized that the parole revocation hearing should not be equated with a full criminal prosecution. *Id.* Because the revocation of parole is not part of a criminal prosecution, parolees are not entitled to the full panoply of rights given to defendants in criminal proceedings. *Morrissey*, 408 U.S. at 480. The process should be flexible enough to consider evidence that would not necessarily be admissible in adversary criminal proceeding such as letters, affidavits, and hearsay testimony. *Id.* at 489; *United States v. Froman*, No. 86-5540, 1987 WL 36965, *2-3 (6th Cir. April 6, 1987). Unlike criminal proceedings, a parolee need not be found guilty beyond a reasonable doubt before having his parole revoked; rather, the revocation of parole is proper when supported merely by reasonable grounds. *See Morrissey*, 408 U.S. at 490; *Simmons v. Hurley*, No. 95-3168, 1997 WL 14781, * 2 (7th Cir. Jan. 9, 1997). Defendant Kasenow was free to assess the credibility of the witnesses and make his decision accordingly. He was not obligated to give equal weight to any conflicting testimony that may have been offered. The decision of Defendant Kasenow was not necessarily inconsistent with the prosecutor's decision not to charge Plaintiff, as the prosecutor's burden of proof was far greater than the "reasonable grounds" standard governing the parole revocation hearing. The Court may not re-weigh the hearing officer's assessment of the relative credibility of witnesses. *See Hackett v. U.S. Parole Comm'n,* 851 F. 2d

---

[1] The due process requirements for a revocation hearing defined in *Morrissey* are codified in MICH. COMP. LAWS § 791.240a.

127, 131 (6th Cir. 1987) (courts lack the power to overturn a credibility determination made during parole revocation proceedings); *Maddox v. U.S. Parole Comm'n,* 821 F.2d 997, 999-1000 (5th Cir. 1987) (noting Parole Commission's authority when making parole decisions to consider materials including dismissed counts of an indictment, hearsay evidence, and allegations of criminal activity for which prisoner was not charged); *Melvin v. Petrovsky,* 720 F.2d 9, 10 (8th Cir.1983) (finding Parole Commission not limited to considering only indictment and conviction). Accordingly, Plaintiff has failed to state a claim regarding the revocation of his parole.

Plaintiff also complains that Defendant Rubitschun gave Plaintiff a twenty-four month continuance despite the eighteen-months recommended by Defendant Kasenow, which Plaintiff claims violates parole board policies. Because section 1983 does not provide redress for the violation of a state law, *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994), a state's failure to comply with its own laws, rules or regulations does not by itself state a claim under § 1983. *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985). The Court should not exercise its supplemental jurisdiction over state law claims after the federal claims have been dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966); *Freland*, 954 F.2d at 348; *Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Date:   November 14, 2005              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE